IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) STABIL-LOC ARKANSAS LLC<br><br>    Plaintiff,<br><br>v.<br><br>(1) ROBERTSON HOLDINGS, INC.<br>D/B/A PIERMAN FOUNDATION REPAIR,<br><br>    Defendant | Case No. CIV-25-230-JAR<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

For its Complaint against Defendant Robertson Holdings, Inc. d/b/a Pierman Foundation Repair ("Pierman" or "Defendant"), Plaintiff Stabil-Loc Arkansas LLC ("Stabil-Loc" or "Plaintiff") states and alleges as follows:

### INTRODUCTION

1. This is a lawsuit for patent infringement involving a foundation piering system ("the Utility Pier") manufactured, offered for sale, sold, used, and/or imported by Pierman.[1]

2. Stabil-Loc is the owner of United States Patent Nos. 8,821,073 (the "'073 Patent") and 8,851,800 (the "'800 Patent").

3. Pierman was founded by Steve Robertson ("Robertson"). Robertson worked for Steven Patton and Stabil-Loc Inc., predecessors in interest to the '800 and '073 patents which utilized the claimed technologies and techniques from the '073 and '800 Patents in the course of their business, from September 2012 to January 2013 as a sales representative. During his tenure,

---

[1] Though expressly listing the Utility Pier product, the instant Complaint is directed towards all infringing services and/or products made, used, or sold, currently or in the future, by Defendant, whether currently known or discerned through discovery.

and due to his role as a sales representative at Stabil-Loc Inc., Robertson became intimately familiar with the methods and apparatuses covered by the '073 and '800 Patents.

4. Pierman now sells and installs the Utility Pier product, which infringes one or more claims of both the '073 Patent and the '800 Patent.

5. Plaintiff seeks recompense from Pierman for knowingly and intentionally manufacturing, offering for sale, selling, using, and/or importing these infringing products and methods in the United States. Plaintiff also seeks an injunction to preclude these products and methods from being manufactured, offered for sale, sold, used, and/or imported in the United States.

## THE PARTIES

6. Plaintiff Stabil-Loc is an Arkansas limited liability company having a principal place of business at 2075 Long Street, Springdale, AR 72764. Plaintiff is the owner and recorded assignee of all right, title, and interest in the '073 and '800 Patents.

7. Pierman is a corporation organized and existing under the laws of Oklahoma, having its principal place of business at 130 E 7th Street, Ada, OK 74820. Pierman manufactures, uses, sells, offers for sale, and/or imports the Utility Pier in the United States.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because this action involves a claim for patent infringement.

9. This Court has personal jurisdiction over Defendant Pierman because Defendant has its principal place of business in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant has a regular and established business in this District and has committed acts of infringement in this District.

## FACTUAL BACKGROUND

### *The Patents-in-Suit*

11. The '073 Patent, entitled "Concentrically Loaded, Adjustable Piering System," was duly issued by the United States Patent and Trademark Office ("USPTO") on September 2, 2014. A true and correct copy of the '073 Patent is attached as Exhibit A.

12. The claims of the '073 Patent are directed generally towards methods for constructing a pier system to stabilize and level a structure.

13. The '800 Patent, also entitled "Concentrically Loaded, Adjustable Piering System," was duly issued by the USPTO on October 7, 2014. A true and correct copy of the '800 Patent is attached as Exhibit B. The '800 Patent claims priority to and is a continuation-in-part of the '073 Patent.

14. The claims of the '800 Patent are directed generally towards piering systems for supporting a foundation and methods for constructing a pier system to stabilize and level a structure.

15. Plaintiff owns all right, title, and interest in the '073 and '800 Patents.

16. The '073 and '800 Patents are valid and enforceable.

17. Plaintiff Stabil-Loc manufactures, markets, sells, and installs piering systems utilizing the technologies and techniques covered by the '073 and '800 Patents.

### *Notice of Breach Given to Defendant*

18. Defendant received notice of the patents-in-suit at least as early as October 28, 2024, when Plaintiff sent a Notice Letter to Robertson.

19. Defendant confirmed receipt of Plaintiff's Notice Letter through its counsel in a letter dated November 8, 2024. In this letter, Defendant denied infringement of Plaintiff's patents and encouraged Plaintiff to review Defendant's own patent, U.S. Patent No. 11,926,985, which Defendant claimed conveyed the right to continue its infringing activities.

20. Plaintiff's Notice Letter instructed Defendant to immediately cease and desist from engaging in any further activity that would infringe on any claim of the '073 and/or '800 Patents. On information and belief, Defendant has not altered its conduct in response to Plaintiff's Notice Letter.

### *Patent Infringement*

21. Defendant has and continues to directly infringe the '073 and '800 Patents by engaging in activities covered by the system and method claims within the '073 and '800 Patents, including but not limited to the installation of its Utility Pier.

22. Defendant has and continues to directly infringe at least one claim of the '800 Patent by making, using, offering for sale, selling, and/or importing systems or methods that fall within the scope of the '073 and '800 Patents, including but not limited to its Utility Pier.

23. Claim charts demonstrative of Defendant's infringing products and activities are attached hereto as Exhibit C. Within this Exhibit are references to Exhibits D-I.

### *Unfair Business Practices*

24. As mentioned above, Robertson, the owner of Pierman, was formerly employed by Steven Patton and Stabil-Loc Inc. as a sales representative from September 2012 to January 2013.

25. Through his employment as a sales representative at Stabil-Loc Inc., Robertson became intimately familiar with the systems and methods employed by Stabil-Loc, including those embodying the claims of the '073 and '800 Patents.

26. Stabil-Loc frequently markets and represents that it holds patents on the methods and piering systems it employs. As such, due to his previous role in Stabil-Loc, Robertson would have been familiar with Stabil-Loc's exclusive rights in its pier systems and methods of installation.

27. Despite his awareness of Stabil-Loc's patents, Robertson incorporated the systems and methods covered by Stabil-Loc's patents into Defendant Pierman's Utility Pier product and installation procedures. Defendant Pierman subsequently began representing that it had the authority to make, offer for sale, sale, use, and/or import systems and methods covered by Stabil-Loc's '073 and '800 Patents.

28. As detailed above, Defendant was put on notice of its infringement of one or more claims of the '073 and '800 Patents as early as October 28, 2024.

29. Upon information and belief, Defendant has not altered its conduct since being put on notice of its infringement.

30. Upon information and belief, Defendant has and continues to knowingly make false or misleading statements in its commercial advertisements that it owns or otherwise has authority to make use of the '073 and/or '800 Patents in violation of both 15 U.S.C. § 1125(a) and Okla. Stat. tit. 78, § 53.

## COUNT I – DIRECT INFRINGEMENT OF THE '800 PATENT
## 35 U.S.C. § 271(a)

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. Defendant has committed and is continuing to commit direct acts of infringement, either literally or under the doctrine of equivalents, of the '800 Patent under 35 U.S.C. § 271(a) because, as set forth above, Defendant manufactures, uses, and sells a product that has each of the limitations of one or more claims of the '800 Patent, without license or authority from Plaintiff.

33. Plaintiff has been damaged as a direct result of the infringement of the '800 Patent.

34. Plaintiff will continue to be damaged unless further infringement is enjoined under 35 U.S.C. § 283.

35. Plaintiff is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate Plaintiff for Defendant's infringement of the '800 Patent.

36. Plaintiff is entitled to in no event less than a reasonable royalty rate for the infringement and use made of the '800 Patent by Defendant with interest and costs.

37. On information and belief, Defendant's past and continuing infringement of the '800 has been and continues to be deliberate and willful.

38. Defendant's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

39. As this is an exceptional case, Plaintiff is entitled to an award of reasonable attorney fees under 35 U.S.C. § 285.

### COUNT II – DIRECT INFRINGEMENT OF THE '073 PATENT
### 35 U.S.C. § 271(a)

40. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

41. Defendant has committed and is continuing to commit direct acts of infringement, either literally or under the doctrine of equivalents, of the '073 Patent under 35 U.S.C. § 271(a) because, as set forth above, Defendant uses a method that has each of the limitations of one or more claims of the '073 Patent, without license or authority from Plaintiff.

42. Plaintiff has been damaged as a direct result of the infringement of the '073 Patent.

43. Plaintiff will continue to be damaged unless further infringement is enjoined under 35 U.S.C. § 283.

44. Plaintiff is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate Plaintiff for Defendant's infringement of the '073 Patent.

45. Plaintiff is entitled to in no event less than a reasonable royalty rate for the infringement and use made of the '073 Patent by Defendant with interest and costs.

46. On information and belief, Defendant's past and continuing infringement of the '073 has been and continues to be deliberate and willful.

47. Defendant's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

48. As this is an exceptional case, Plaintiff is entitled to an award of reasonable attorney fees under 35 U.S.C. § 285.

## COUNT III – FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING
## 15 U.S.C. § 1125(a)

49. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

50. Defendant has committed and is continuing to commit violations of 15 U.S.C. § 1125(a) by making false or misleading statements regarding the nature, characteristics, or qualities of its goods and/or services in commercial advertising or promotion.

51. Defendant's false or misleading statements have undermined and continue to undermine the legitimacy and exclusivity of Plaintiff's patented products and methods, thereby causing reputational harm to Plaintiff.

52. Plaintiff has been damaged by Defendant's Lanham Act violations and will continue to be damaged unless such activity is enjoined under 15 U.S.C. § 1116.

53. Plaintiff is entitled under 15 U.S.C. § 1117 to recover Defendant's profits, any damages Plaintiff has suffered, and the costs of the action to compensate for Defendant's violation of 15 U.S.C. § 1125(a).

### COUNT IV – UNFAIR COMPETITION UNDER OKLAHOMA LAW
### Okla. Stat. tit. 78, § 53

54. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

55. Defendant has committed and is continuing to commit violations of Okla. Stat. tit. 78, § 53 by knowingly making false representations as to the characteristics of its goods and/or services.

56. Defendant's false or misleading statements have undermined and continue to undermine the legitimacy and exclusivity of Plaintiff's patented products and methods, thereby causing reputational harm to Plaintiff.

57. Plaintiff has been damaged by Defendant's unfair competition practices and will continue to be damaged unless such activity is enjoined under Okla. Stat. tit. 78, § 54(A).

58. Plaintiff is further entitled under Okla. Stat. tit. 78, § 54(A) to an award of damages adequate to compensate Plaintiff for damage caused by Defendant's violation of Okla. Stat. tit. 78, § 53.

59. Because Defendant's false representations have been willful, Plaintiff is entitled to an award of reasonable attorney fees under Okla. Stat. tit. 78, § 54(C).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

60. A judgment that Defendant has infringed one or more claims of the '800 Patent;

61. A judgment that Defendant has infringed one or more claims of the '073 Patent;

62. A judgment and order permanently restraining and enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, offering for sale, or importing any systems or products that infringe one or more claims of the '073 patent, or otherwise directly or indirectly committing further acts of infringement of that patent;

63. A judgment and order permanently restraining and enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, offering for sale, or importing any systems or products that infringe one or more claims of the '800 patent, or otherwise directly or indirectly committing further acts of infringement of that patent;

64. A judgment and order permanently restraining and enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from representing that Defendant owns or has authority to make use of the '073 and/or '800 Patents.

65. A judgment that Defendant's infringement of the '800 and '073 Patents was and is willful;

66. A judgment that Defendant has committed unfair business practices under Lanham Act Section 43(a);

67. A judgment that Defendant has committed unfair business practices under Okla. Stat. tit. 78, § 53.

68. An award to Plaintiff of monetary damages for:

    1) Defendant's infringement of the '800 Patent, including reasonable royalties together with interest, costs, expenses, disbursements, and an accounting to determine same;

    2) Defendant's infringement of the '073 Patent, including reasonable royalties together with interest, costs, expenses, disbursements, and an accounting to determine same;

    3) Defendant's commission of unfair business practices under 15 U.S.C. § 1125(a).

    4) Defendant's commission of unfair business practices under Okla. Stat. tit. 78, § 53.

69. An award to Plaintiff of all other damages permitted by 35 U.S.C. § 284, including enhanced damages for willful infringement, up to three times the amount of monetary damages found in Counts (1) and (2);

70. A declaration that this is an exceptional case and an award to Plaintiff of his attorney's fees, costs, and expenses, pursuant to 35 U.S.C. § 285;

71. Such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Deric J. McClellan*
Shawn M. Dellegar, OBA No. 20973
Deric J. McClellan, OBA No. 32827
CROWE & DUNLEVY
222 N. Detroit Ave., Suite 600
Tulsa, OK 74120
(918) 592-9800
(918) 592-9801 (Facsimile)
Shawn.dellegar@crowedunlevy.com
Deric.mcclellan@crowedunlevy.com

Joseph P. Hooper (*pro hac vice forthcoming*)
James J. Kernell (*pro hac vice forthcoming*)
AVEK IP, LLC
7285 West 132nd Street
Suite 340
Overland Park, Kansas 66213
(913) 549-4700
(913) 549-4646 (Facsimile)
jhooper@avekip.com
jkernell@avekip.com

***Attorneys for Plaintiff Stabil-Loc Arkansas, LLC***